**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4391**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANTHONY DAVE GREEN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Margaret B. Seymour, Senior District Judge.  (1:10-cr-00968-MBS-7)

Submitted:  January 26, 2016        Decided:  March 2, 2016

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Victor K. Li, LI LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Stanley D. Ragsdale, Julius Ness Richardson, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Dave Green appeals from his conviction and 120-month sentence entered pursuant to his guilty plea to conspiracy to possess with intent to distribute crack cocaine. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 and whether the sentence was reasonable. Although informed of his right to file a pro se supplemental brief, Green has not done so. We affirm.

Counsel does not direct the court to any specific error during Green's Rule 11 hearing. Our review of the record reveals that the court substantially complied with Rule 11 and that any minor omissions, to which Green did not object, did not affect his substantial rights. See United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (explaining that, in guilty plea context, defendant meets his burden to establish that plain error affected his substantial rights by showing reasonable probability that he would not have pled guilty but for Rule 11 omission).

Similarly, counsel identifies no potential error in Green's sentence. According to the presentence investigation report ("PSR"), Green's total offense level was 31; he was in criminal history category II; and his Sentencing Guidelines range was 121-151 months. Green also was statutorily subject to a mandatory minimum sentence of 120 months. There were no objections to the

PSR, which the court adopted. Green's counsel argued for a variance based upon the powder-to-crack sentencing ratio, contending that the proper ratio was 1:1. After hearing argument from counsel and Green's allocution, the court granted the variance and sentenced Green to 120 months in prison.

We find that the sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007). The court properly calculated Green's Guidelines range and considered the 18 U.S.C. § 3553(a) (2012) factors. While the individualized assessment was extremely brief in this case, the court had granted a variance below the Guidelines range of 121-151 months and, therefore, had limited sentencing options. Accordingly, we find no procedural error. Further, given the totality of the circumstances and the fact that Green received the sentence he requested, which was also the statutory minimum, the sentence is substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have identified no meritorious issues for appeal. Accordingly, we affirm Green's conviction and sentence. This court requires that counsel inform Green, in writing, of the right to petition the Supreme Court of the United States for further review. If Green requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's

motion must state that a copy thereof was served on Green.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4